UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA MILK PROCESSOR BOARD,<br><br>           Plaintiff,<br><br>   v.<br><br>BRIDGE BRANDS, INC. et al.,<br><br>           Defendants. | No. 2:14-cv-02022-KJM-CKD<br><br>No. 2:15-cv-01083-TLN-CKD<br><br><br><br><br><br>RELATED CASE ORDER |

        California Milk Processor Board ("Milk Board") filed a notice of related case on May 28, 2015. ECF No. 24. Examination of the above-stated case numbers reveals that the cases are not related within the meaning of Local Rule 123(a).

        An action is related to another when

        (1) both actions involve the same parties and are based on the same or a similar claim;

        (2) both actions involve the same property, transaction, or event;

        (3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or

/////

/////

1

|   |   |
|---|---|
| 1 | (4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges. |
| 2 |  |

E.D. Cal. L.R. 123(a).

As set forth below, the actions do not "involve similar questions of fact and the same question of law," do not "involve the same property, transaction, or event," and their assignment to the same Judge or Magistrate Judge is unlikely to effect a substantial savings of judicial effort.

The Milk Board, owner of the "got milk?" trademark, is plaintiff in the first filed case, 2:14-cv-02022-KJM-CKD, and defendant in the second filed case, 2:15-cv-01083-TLN-CKD. In the first filed case, plaintiff makes claims of trademark/service mark infringement; unfair competition; false designation of origin; trademark/service mark dilution; counterfeiting; breach of implied license agreement; breach of the settlement agreement; and fraud. First Amended Complaint, ECF No. 14. Defendant Bridge Brands, a California corporation, is a licensee of the trademark and allegedly used the trademark without authorization in its production and sale of chocolate spoons bearing the "got milk?" trademark. *See id*. at 8-13. The parties entered into a settlement agreement, and now dispute the terms and scope of the agreement. FAC ¶ 56, ECF No. 14. Defendant filed a motion to dismiss on January 9, 2015, claiming the settlement agreement has resolved the issues. ECF No. 18 at 4. The parties stipulated to continue the hearing on the motion until August 7, 2015, as "the parties have agreed in principal to settlement terms and are working toward finalizing a written settlement agreement." ECF No. 22 at 2.

The second filed case, *Food Market Merchandising, Inc. v. California Milk Processor Board*, was transferred from the Southern District of New York on May 7, 2015. ECF No. 17. Plaintiff, a Minnesota corporation and another of the Milk Board's licensees, alleges violations of the Lanham Act through defendant's alleged abandonment and cancellation of the "got milk?" trademark. First Amended Complaint (FAC), ECF No. 11. Its claims involve a licensing agreement with the Milk Board to sell flavored straws, independent of the agreement with Bridge Bands. Licensing Agreement, ECF No. 11-1. The Milk Board filed a counterclaim

with its answer on May 21, 2015.  ECF No. 22.  The Milk Board's counterclaim alleges 1) trademark/service mark infringement; 2) unfair competition; 3) false designation of origin; 4) trademark/service mark dilution; 5) counterfeiting; and 6) breach of the license agreement.  Counterclaim, ECF No. 22.

In sum, the cases occupy two very different procedural postures, will be resolved on different issues and rely on different factual allegations.  The events and transactions giving rise to the claims are entirely separate.  The claims arise from different licensing agreements, and one case involves an already executed Settlement Agreement the court will need to interpret.  The parties are aligned differently in the cases, with the second case including a counterclaim.  Relating these cases would not be "likely to effect a substantial savings of judicial effort" or avoid "substantial duplication of labor."  Accordingly, the court DECLINES to relate.

IT IS SO ORDERED.

DATED: June 4, 2015.

_____
UNITED STATES DISTRICT JUDGE